Mr. Michael H. Olenick General Counsel Florida Department of Education 1701, The Capitol Tallahassee, Florida 32399-0400
Dear Mr. Olenick:
You ask the following question:
Is a school district required to furnish public records free of charge to members of a school advisory council?
In sum:
A school district is under no statutory obligation to provide copies of public records free of charge to individual members of a school advisory council, but a school district may formulate a policy for the distribution of such records.
You state that a member of a school advisory council in Miami-Dade County objected when the school district charged for copying and redacting public records that had been requested by the individual member. This office has been advised that it is the school district's policy to provide records to school board members at no cost, if the records are related to an agenda item.
Section 229.58(1), Florida Statutes, provides that the school board shall establish a school advisory council for each school in the district.[1] The functions of each advisory council are to be prescribed by regulations of the school board, but may not include "any of the powers and duties now reserved by law to the school board."[2] School advisory councils are required to assist in the preparation and evaluation of the school improvement plan pursuant to section 230.23(16), Florida Statutes, and to provide such assistance as requested by the principal in preparing the school's annual budget and plan.[3]
Thus, it would appear that the extent of an advisory council's involvement in school business is dependent upon the school board's prescribing the functions it may perform and the specific request for assistance from the school's principal. The only statutorily required function that the advisory council performs is to assist in the preparation and evaluation of the school improvement plan.[4]
If it is found that an advisory council needs certain school records in order to carry out its function in preparing and evaluating the school improvement plan, such records should be provided to the council in the same manner that records related to agenda items are provided to school board members. Section 228.093, Florida Statutes, however, sets forth the privacy rights that students have in their educational records, providing that no school board or school may release such records without the written consent of the student's parent or guardian or the student if he or she is qualified as provided in the section.[5]
The statute states specific exceptions when personally identifiable records of a pupil or student may be released without the consent of the pupil or the pupil's parent. The individuals and entities who may receive such information include school officials who have legitimate educational interests in the information, individuals or organizations conducting studies for an institution for the purpose of developing, validating or administering predictive tests, and appropriate parties in connection with an emergency, if knowledge of the information is necessary to protect the health or safety of the pupil or student.[6] Members of a school advisory council do not appear to be school officials.[7]
Nothing in the school code authorizes the release of student or pupil information requested by individual members of the school advisory council. Moreover, an individual member who requests copies of public records from the school has no greater privilege to have such records provided than any other member of the public.[8] Ultimately, however, it is the school board that must formulate a policy as to whether school advisory council members must pay for copying and redactment of such records.[9]
Accordingly, it is my opinion that a school district is under no statutory obligation to provide copies of public records free of charge at the request of an individual member of the school advisory council, but a school district may formulate a policy for the distribution of such records.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 229.58(1)(a), Fla. Stat., allows school districts with a student population of 10,000 or fewer to establish a district advisory council that includes at least one teacher from each school in the district.
[2] Section 229.58(2), Fla. Stat.
[3] Id.
[4] Section 230.23(16), Fla. Stat., requires the school board to maintain a system of school improvement and education accountability as provided by statute and State Board of Education rule.
[5] Section 228.093(3), Fla. Stat., provides that whenever a pupil or student has attained 18 years of age, or is attending an institution of postsecondary education, the permission or consent required of, and the rights accorded to, the parents of the pupil or student shall are thereafter be required of and accorded to the pupil or student.
[6] See, s. 228.093(3)(d)1.-11., Fla. Stat., enumerating the individuals and entities who may receive student information. Cf.,
Op. Att'y Gen. Fla. 98-52 (1998) (Department of Children and Families authorized to have access to school records of children who are the subjects of child abuse investigations when there is an emergency).
[7] Section 229.58(1)(a), Fla. Stat., prescribes the composition of a school advisory council to include the principal and an appropriately balanced number of teachers, education support employees, students, parents, and other business and community citizens who are representative of the ethnic, racial, and economic community served by the school, who in most instances are elected by their peers. Thus, while a number of the members of the council may be school officials, membership on the board does not make one a school official.
[8] Section 119.07(1)(a), Fla. Stat., authorizes the custodian of a public record to furnish a copy or a certified copy of the record upon payment of the fee prescribed by law or, if no fee is prescribed, for copies no larger than 14 inches by 8 1/2 inches, a fee of not more than 15 cents per one-sided copy, and for all other copies, the actual cost of duplication; no more than an additional 5 cents per page may be charged for two-sided copies.
[9] Cf., Inf. Op. Att'y Gen., Mr. Anthony A. Garganese, Attorney for the City of Cocoa, April 14, 1998 (city council member requesting copies of records unrelated to city council business subject to any charges allowed by law for the copying of such records; city policy of no charge for first fifteen copies should be uniformly applied to avoid any appearance of preferential treatment).